ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 1 2015

CLERK, U.S. DISTRICT COURT
By _____
                Deputy

UNITED STATES OF AMERICA

v.

CHAD ALAN HIGHTOWER (01)

No. 4:15-CR-204-Y

## FACTUAL RÈSUMÈ

I.    <u>Plea:</u>

The defendant is pleading guilty to Count One and Count Two of the Information. Both counts of the Information charge Deprivation of Rights Under Color of Law in violation of 18 U.S.C. § 242.

II.    <u>Penalties:</u>

The penalties the Court can impose include for each count:

a.    imprisonment for a period not to exceed one (1) year;

b.    a fine not to exceed $100,000;

c.    a term of supervised release of not more than one year, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d.    a mandatory special assessment of $25;

a.    restitution to victims or to the community, which may be mandatory under the law; and

f.    costs of incarceration and supervision.

Factual Resume - Page 1

III. <u>Elements of the Offense:</u>

To establish the offenses alleged in Count One and Count Two of the Information, the government must prove the following elements beyond a reasonable doubt:

<u>First:</u>    That the defendant deprived the person named in the Information of a right secured by the Constitution or laws of the United States, that is the Fourth Amendment right not to be subjected to unreasonable searches or seizures, by committing the acts charged in the Information;

<u>Second:</u>   That the defendant acted willfully;

<u>Third:</u>    That the defendant acted under color of law.

IV. <u>Stipulated Facts:</u>

On or about November 2013 and continuing through on or about July 2014, Chad Alan Hightower, the defendant, served as a Sheriff's Deputy with the Wise County Sheriff's Department. During this time, the defendant was the point of contact for convicted sex offenders who resided in Wise County and were required by law to register with the local law enforcement authority. The two victims, J.R. and J.H., are convicted sex offenders who lived in Wise County. When they went to register with the defendant, it was clear to J.R. and J.H. that the defendant was acting as a law enforcement officer.

On or about November 18, 2013, the defendant, acting in his official capacity, went to J.R.'s residence. The defendant advised J.R. that in accordance with a change to the State's sex offender registry law, the defendant had to take nude photographs of J.R. J.R. complied with the defendant's instructions to undress and allowed the defendant to take photographs of his nude body, including his penis. The defendant took all of the photographs of J.R.'s nude body referenced above for his own personal use and not for any legitimate law enforcement purpose. The defendant knew that no such state law requirement existed.

On or about June 17, 2014, J.H. went to the defendant's office at the Wise County Sheriff's Department to complete the necessary paperwork for the sex offender registry. During this visit, the defendant, acting in his official capacity, told J.H. that the defendant had to take nude photographs of J.H. because of a change in state sex offender registration procedures. The defendant then escorted J.H. to a nearby bathroom and asked him to strip naked. After J.H. was naked, the defendant took photographs of his

nude body, including his penis.

On or about July 23, 2014, J.H. returned to the Wise County Sheriff's Department to update his information. The defendant informed J.H. that the photographs he had taken were defective, therefore, the defendant had to take a new set of photographs. The defendant instructed J.H. to get into the defendant's car, and drove J.H. to the county impound yard. Soon after they arrived at the impound yard's office, the defendant asked J.H. to strip naked. Pursuant to the defendant's instructions, J.H. undressed and the defendant proceeded to take photographs of his naked body. The defendant took all of the photographs of J.H.'s nude body referenced above for his own personal use and not for any legitimate law enforcement purpose. The defendant knew that no such state law requirement existed.

AGREED AND STIPULATED on this 21st day of August, 2015.

_____  _____
CHAD ALAN HIGHTOWER              PAUL BELEW
Defendant                        Counsel for Defendant